IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | | |
|---|---|---|
| **ROBERT DOUGLAS BLACK,** | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 3:18-01273 |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Application to Proceed Without Prepayment of Fees or Costs and Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Document Nos. 1 and 2.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the record and considered the applicable law, the undersigned has concluded that Petitioner's Section 2241 Petition should be denied.

**FACT AND PROCEDURE**

A.      **Criminal Action No. 3:13-cr-0143:**

On August 5, 2013, Petitioner pled guilty in this Court to one count of distribution of a quantity of oxycodone in violation of 21 U.S.C § 841(a)(1) (Count One). United States v. Black, Case No. 3:13-cr-00143 (S.D.W.Va. Nov. 18, 2013), Document Nos. 30, 32 and 33. On November 18, 2013, the District Court sentenced Petitioner to total term of 12 months and 1 day of imprisonment to be followed by a 3-year term of supervised release. Id., Document Nos. 44 and 45. On December 3, 2013, Petitioner filed his Notice of Appeal. Id., Document No. 48. By Order entered on May 29, 2014, the Fourth Circuit granted the United States' motion requesting

dismissal of the appeal as barred by Petitioner's waiver of right to appeal included in the plea agreement. Id., Document Nos. 56 and 57. Petitioner was released on supervised release on October 3, 2014. Id., Document No. 66. On June 2, 2016, Senior United States Probation Officer Steven M. Phillips submitted a "Petition for Warrant or Summons for Offender Under Supervision" requesting that an arrest warrant be issued due to Petitioner's noncompliance of the conditions of his release. Id., Document No. 66. On June 3, 2016, the District Court granted the Petition and issued an arrest warrant for Petitioner. Id., Document Nos. 66 and 67. Petitioner was arrested on September 7, 2016. Id., Document No. 68. On September 19, 2016, a Final Revocation Hearing was conducted, Petitioner admitted violating the conditions of his release, and the Court revoked Petitioner's term of supervised release. Id., Document Nos. 76 and 77. The District Court sentenced Petitioner to 18 months of imprisonment to be followed by a 12-month term of supervised release.

**B.     Criminal Action No. 3:16-cr-00201:**

On February 21, 2017, Petitioner pled guilty in this Court to one count of distribution of a quantity of heroin in violation of 21 U.S.C § 841(a)(1) (Count One).[1] United States v. Black, Case No. 3:16-cr-00201 (S.D.W.Va. May 30, 2017), Document Nos. 28, 30 and 31. On May 30, 2017, the District Court sentenced Petitioner to total term of 70 months of imprisonment to be followed by a 3-year term of supervised release. Id., Document Nos. 36 and 37. Petitioner did not file an appeal with the Fourth Circuit.

**C.     Section 2255 Motion:**

On August 27, 2018, Petitioner filed in this Court a Motion to Vacate, Set Aside or

---

[1] By committing the above offense, Petitioner violated the terms of his supervised release in Criminal Action No. 3:13-0143.

Correct Sentence under 28 U.S.C. § 2255 challenging the validity of his sentence as imposed in Criminal Action No. 3:16-0201. (Civil Action No 3:18-01255, Document No. 44.) In his Motion, Petitioner asserts that trial counsel acted ineffectively based on the following: (1) "Counsel failed to object on my behalf to a sentence above the Guideline range (Offense Level 19, Category 4), when no lawful reason was being stated in open court and notated;" (2) "Counsel failed to object to relevant conduct weight;" and (3) "Counsel failed to have judge clarify whether my sentence was to be served concurrently or consecutively to the violation sentence handed down approximately several months prior." (Id.) As relief, Petitioner requests a "reduction in sentence to comply with Guidelines or release from prison." (Id.) By Proposed Findings and Recommendations also entered this day, the undersigned has recommended by Petitioner's Section 2255 Motion be denied as untimely.

**D.      Section 2241 Petition:**

On August 30, 2018, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241.[2] (Civil Action No. 3:18-01273, Document No. 2.) As grounds for relief, Petitioner is challenging the validity of his sentence as imposed in Criminal Action No. 3:16-0201 arguing as follows: (1) Petitioner "was sentenced above Guidelines without Judge noting why (more than 2x the amount);" and (2) "Sentencing Judge failed to comment as to how both of my sentences were carried out (consecutive or concurrent)."[3] (Id.) As relief, Petitioner requests to be "re-sentenced within the Guideline range [and] for the 70 month sentence to be ran concurrent to

---

[2] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[3] In his Section 2241 Petition, Petitioner acknowledges that he is asserting the same claims in his Section 2255 Motion. (Document No. 2, p. 9.)

3

the 18 month violation sentence." (Id.)

## ANALYSIS

Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge *within their respective jurisdictions*." 28 U.S.C. § 2241(a)(emphasis added). Title 28 U.S.C. § 2242 provides that a petitioner should name "the person who has custody over him" as the respondent to his *habeas* petition. 28 U.S.C. § 2242. The custodian is "the person with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2006). Thus, a Section 2241 petition is properly filed in the district where the petitioner was in custody at the time of filing and not the district that imposed sentencing. United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989)(finding that judicial review must be sought under Section 2241 in the district of confinement concerning "[a] claim for credit against a sentence attack[ing] the computation and execution of the sentence rather than the sentence itself.); also see In re Jones, 226 F.3d 328, 332 (4th Cir. 2000)("A habeas petition under § 2241 must . . . be filed in the district in which the prisoner is confined."). At the time of the filing of the above Section 2241 Petition, Petitioner was incarcerated at FCI Ashland, which is located in Ashley, Kentucky. This Court, however, does not have jurisdiction over Petitioner's current warden, who is located in the Eastern District of Kentucky. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the Eastern District of Kentucky. In determining whether the above Petition should be denied or transferred "in the interest of justice," the undersigned will consider the merits of Petitioner's claims.

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the

Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by this Court. Specifically, Petitioner contends that the District Court sentenced him in excess of the applicable Guideline range and improperly failed to indicate whether his sentence was to run concurrent or consecutive with his prior sentence for a supervised release violation. Thus, Petitioner requests that he be resentenced. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court has jurisdiction to consider it as this Court imposed sentencing upon Petitioner. The undersigned, however, finds that Petitioner's instant Application should not be construed and considered as a Section 2255 Motion because Petitioner also filed a Section 2255 Motion with this Court three days prior to filing his instant Section 2241 Petition. A review of Petitioner's Section 2255 Motion reveals that Petitioner asserts the same claims as asserted in his

Section 2255 Motion. Therefore, Petitioner's Section 2241 Petition would be duplicative and successive to his already filed Section 2255 Motion.[4]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th

---

[4] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[5] Id. at 429. The Wheeler

---

[5] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:

> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to

Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Since Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion, the undersigned recommends that Petitioner's Section 2241 Petition dismissed instead of transferred.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed Without Prepayment of Fees or Costs (Document No. 1), **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 2) and **REMOVE** this matter from the Court's docket.

---

expedite the path for the Government to petition for certiorari to the Supreme Court. *Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).  Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: June 7, 2019.

_____
Omar J. Aboulhosn
United States Magistrate Judge